# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

West Virginia Mandatory Continuing Legal Education Commission,
Petitioner

vs.)  No. 17-0182

Thomas Donahue, Zacharia Eccleston, Thomas Fuda, David Gaudio,
Jesse Guills, Timothy Hayes, Kimberly Kisner, A. Andrew MacQueen, III,
George Miller, Daniel Minardi, Stephen Morris, James Rees,
Marc Schifanelli, Jonathan Seabolt, George Sidiropolis, Anne Skinner,
Heather Smith, Lee Smith, Woody Trent, David L. White,
Forrest White, Steven Wiley, Paula Wilson, D. Eric Wisely,
and H. Lane Young, II,
Respondents

**FILED**

**July 26, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

This is a proceeding instituted on February 27, 2017 by the West Virginia Mandatory Continuing Legal Education Commission ( Commission )  pursuant to Chapter VII, section 7.4 of the Rules and Regulations of The West Virginia State Bar, seeking the suspension of the license to practice law of seventy-seven active members of the West Virginia State Bar who failed to provide proof of compliance with the rules of this Court concerning mandatory continuing legal education, set forth in Chapter VII of the Rules and Regulations of the West Virginia State Bar. This Court issued a rule to show cause on March 2, 2017, returnable May 23, 2017, why each of the lawyers should not be suspended from the practice of law for such noncompliance.

Subsequent to the filing of the petition and issuance of the rule to show cause, fifty-two respondents provided satisfactory proof of compliance with mandatory continuing legal education requirements and were dismissed from the action. Accordingly, the following twenty-five respondents remain: Thomas Donahue, Zacharia Eccleston, Thomas Fuda, David Gaudio, Jesse Guills, Timothy Hayes, Kimberly Kisner, A. Andrew MacQueen, III, George Miller, Daniel Minardi, Stephen Morris, James Rees, Marc Schifanelli, Jonathan Seabolt, George Sidiropolis, Anne Skinner, Heather Smith, Lee Smith, Woody Trent, David L. White, Forrest White, Steven Wiley, Paula Wilson, D. Eric Wisely, and H. Lane Young, II.

Pursuant to Chapter VII of the Rules and Regulations of the West Virginia State Bar, all active members of The West Virginia State Bar were required to complete twenty-four credit hours of approved continuing legal education, with at least three of those credit hours in the topical areas of legal ethics, office management, substance abuse and/or elimination of bias in the legal profession, between July 1, 2014 and June 30, 2016.  Active members of the West

Virginia State Bar admitted between July 1, 2014 and June 30, 2015 were required to complete twelve approved credit hours, with at least three of those credit hours in the topical areas of legal ethics, office management, substance abuse and/or elimination of bias in the legal profession, prior to June 30, 2016. The Commission required all attorneys to report the completion of such requirements on or before July 31, 2016. Members were encouraged to report credits online through the state bar membership portal.

Pursuant to Chapter VII, section 7.1 of the Rules and Regulations of the West Virginia State Bar, on July 15, 2016 the Commission notified all of the respondents by e-mail that they were not in compliance with the reporting or minimum continuing legal education requirements, and further specified the manner in which each respondent had failed to comply. For members without an e-mail on file, a transcript showing their credits, reporting period information, and requirements were mailed to the address on file.

Pursuant to Chapter VII, section 7.2 of the Rules and Regulations of the West Virginia State Bar, the Commission served a second notice upon respondents on December 2, 2016 by certified or registered mail, to the most recent address maintained in the records of the West Virginia State Bar. The second notice again advised each respondent of their noncompliance with the rules governing mandatory continuing legal education. The second notice specifically advised each respondent that the Commission would, after a thirty-day notice period, notify this Court of each respondent s noncompliance, and request that this Court suspend each respondent s license to practice law until such time as each respondent could demonstrate compliance with the mandatory continuing legal education requirements for the 2014 to 2016 reporting period.

Although each respondent had a thirty-day period after issuance of the second notice to demand a hearing before the Commission, none of the respondents requested such a hearing.

Accordingly, on February 27, 2017, as is required by Chapter VII, section 7.4 of the Rules and Regulations of the West Virginia State Bar, the Commission instituted this action.

Upon review of the attachments to the petition, this Court finds that the Commission has complied with all the relevant procedural requirements of Chapter VII, section 7.4 of the Rules and Regulations of the West Virginia State Bar. This Court further finds that the remaining twenty-eight respondents have failed to provide proof of compliance with the applicable mandatory continuing legal education requirements despite having received numerous notices from the Commission and this Court, and despite having ample opportunity to comply with the requirements.

Accordingly, it is hereby ADJUDGED, ORDERED, and DECREED that the license to practice law in the State of West Virginia of each of the remaining respondents, namely: Thomas Donahue, Zacharia Eccleston, Thomas Fuda, David Gaudio, Jesse Guills, Timothy Hayes, Kimberly Kisner, A. Andrew MacQueen, III, George Miller, Daniel Minardi, Stephen Morris, James Rees, Marc Schifanelli, Jonathan Seabolt, George Sidiropolis, Anne Skinner, Heather Smith, Lee Smith, Woody Trent, David L. White, Forrest White, Steven Wiley, Paula Wilson, D. Eric Wisely, and H. Lane Young, II, be, and hereby are, suspended, **effective immediately**, until such time as respondents shall have complied with the following: (1) the mandatory continuing

legal education and reporting requirements set forth in Chapter VII of the Rules and Regulations of the West Virginia State Bar, and (2) the financial penalties or other requirements imposed by the Commission through its Regulations. Upon completion of these requirements to the satisfaction of the Commission, each respondent s license shall be automatically reinstated unless the lawyer is under suspension for another reason or reasons.

It is finally ADJUDGED, ORDERED, and DECREED that the Clerk of the Court give notice of this MEMORANDUM DECISION to each of the twenty-five remaining respondents by certified mail, return receipts requested, to the most recent address of each of the respondents maintained on the records of the West Virginia State Bar, and as set forth in the petition filed with this Court on February 27, 2017. The Clerk is further directed to issue the mandate in this action forthwith.

Law Licenses Suspended.

**ISSUED**: July 26, 2017

**CONCURRED IN BY**:

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker